**KAZEROUNI LAW GROUP APC**
Ryan L. McBride, Esq. (SBN: 50751)
ryan@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*
David Donaldson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| DAVID DONALDSON, | Case No.: |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT** |
| BARCLAYS BANK DELAWARE, | **JURY TRIAL DEMANDED** |
| Defendant. | |

# INTRODUCTION

1. This case arises as a result of false, deceptive and unfair debt-collection practices promulgated by Barclays Bank Delaware ("Defendant") who misrepresented to Plaintiff David Donaldson ("Plaintiff") that he was entitled to have his claims decided in arbitration. Specifically, Defendant filed a lawsuit against Plaintiff in Clark County Superior Court despite Plaintiff's election of arbitration pursuant to the arbitration clause in the agreement between the parties.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff through Plaintiff's attorneys, brings this action to challenge the actions of Defendant, with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in Washington.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court arises pursuant to general state jurisdiction.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

10. Plaintiff resides in Clark County, Washington as defined by 28 U.S.C. § 1391c(1), therefore this is the proper judicial district in which this lawsuit is brought.

11. At the time of the substantial part of the events or omissions giving rise to the claim occurred, Defendant tried to collect the alleged debt owed, by suing Plaintiff in Superior Court despite that the fact that Plaintiff timely exercised his right to have the dispute heard in arbitration pursuant to the agreement with the original creditor.

12. Because Plaintiff resides in the County of Clark at the time Defendant tried to collect on the alleged debt owed and Plaintiff still resides in County of Clark venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendant conducted business within the State of Washington.

## Parties

14. Plaintiff is a natural person and resident of the State of Washington.

15. Defendant Barclays Bank Delaware is headquartered in Wilmington, Delaware but actively litigates cases with Washington licensed attorneys throughout the state of Washington.

16. Defendant is in the business of the collection of consumer debt.

17. Plaintiff was allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At all times relevant to this complaint, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5).

19. Defendant regularly attempt to collect debts alleged to be due another, and therefore are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## Factual Allegations

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

21. Sometime before <u>July 28, 2023</u> Plaintiff is alleged to have incurred certain financial obligations to Defendant. The alleged debt stemmed from a Barclays Bank Delaware personal credit card.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. Sometime thereafter, but before <u>July 28, 2023</u> Plaintiff allegedly defaulted on the payments alleged to be owed on the alleged debt.

24. Sometime on or shortly before <u>July 28, 2023,</u> the debt amounting to $1,600.26 from Defendant that was allegedly owed by Plaintiff was assigned to Defendant who assumed all of the rights and responsibilities of the agreement between Plaintiff and Defendant.

25. Plaintiff's agreement with the Defendant, contained an arbitration clause that states in part the following:

**ARBITRATION WITH RESPECT TO A CLAIM IS BINDING AND NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM THROUGH A COURT. IN ARBITRATION YOU AND WE WILL NOT HAVE THE RIGHTS THAT ARE PROVIDED IN COURT INCLUDING THE RIGHT TO A TRIAL BY JUDGE OR JURY AND THE RIGHT TO PARTICIPATE OR BE REPRESENTED IN PROCEEDINGS BROUGHT BY OTHERS SUCH AS CLASS ACTIONS OR SIMILAR PROCEEDINGS. IN ADDITION, THE RIGHT TO DISCOVERY AND THE RIGHT TO APPEAL ARE ALSO LIMITED OR ELIMINATED BY ARBITRATION. ALL OF THESE RIGHTS ARE WAIVED AND ALL CLAIMS MUST BE RESOLVED THROUGH ARBITRATION.**
(Capitalization and Bold in original)

26. Shockingly, despite Plaintiff's clear and explicit election of arbitration, on or about September 5, 2023, Defendant ignored Plaintiff's request and filed a civil collection action against Plaintiff in Clark County, Washington. The case

was entitled *Barclays Bank Delaware v. David F Donaldson,* Clark County Case # 23C3957-2 ("the Collection Case").

27. Defendant's filing of the Collection Case usurped Plaintiff of his right to have the claim heard in arbitration as agreed to between Plaintiff and Defendant.

28. By suing Plaintiff in Clark County Superior Court, rather than bringing the claims in arbitration, Defendant implemented false and deceptive practices in order to avoid arbitration in violation of 15 U.S.C. §§ 1692e and 1692e(10).

29. By suing Plaintiff in Clark County Superior Court, rather than bringing the claims in arbitration, Defendant made an unfair and unconscionable attempt to collect a debt from Plaintiff in violation of 15 U.S.C. § 1692f.

30. By suing Plaintiff in Clark County Superior Court, rather than bringing the claims in arbitration, Defendant participated in conduct that had the natural consequence of which to harass, oppress, and abuse, Plaintiff and the least sophisticated consumer in violation of 15 U.S.C. § 1692d.

31. By suing Plaintiff in Clark County Superior Court, rather than bringing the claims in arbitration, Defendant forced Plaintiff to incur additional unnecessary fees by making Plaintiff pay a filing fee in Clark County Superior Court and another filing fee in arbitration.

## CAUSES OF ACTION
## COUNT I FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.

32. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

33. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

34. Defendant violated the FDCPA. These violations include, but are not limited to, the following

a. Defendant made and used false, deceptive, and misleading representations in an attempt to collect the alleged debt in violation of 15 USC § 1692e and 1692e(10);

b. Defendant took action that cannot legally be taken in violation of 15 USC § 1692e(5);

c. Defendant knowingly filed a lawsuit in disregard of an arbitration election by Plaintiff, which is an unfair and unconscionable means to collect debt, in violation of 15 USC § 1692f;

d. Defendant knowingly filed a lawsuit in disregard of an arbitration election by Plaintiff, therefore, Defendant is attempting to harass, oppress, and abuse the Plaintiff in violation of 15 USC § 1692d.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from each Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from each Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

Respectfully submitted,

**KAZEROUNI LAW GROUP**

Date: March 29, 2024

By: <u>s/Ryan L. McBride</u>
Ryan L. McBride, Esq.
*Attorney for Plaintiff*